# Supreme Court of Texas

No. 22-0229

In re Greg Abbott in His Official Capacity as Governor of the State of Texas; Jaime Masters in Her Official Capacity as Commissioner of the Department of Family and Protective Services; and the Texas Department of Family and Protective Services,

*Relators*

On Petition for Writ of Mandamus

JUSTICE BLACKLOCK, joined by JUSTICE BOYD and JUSTICE DEVINE, concurring in part and dissenting in part.

I agree with the Court that Rule 29.3 does not authorize the court of appeals to afford statewide relief to non-parties. The remaining question is whether the State is entitled to mandamus relief from the court of appeals' order with respect to the plaintiffs. The Court denies that portion of the State's petition except as to the Governor, but I would grant further relief.

This mandamus petition arises from the court of appeals' Rule 29.3 order reinstating the district court's temporary injunction against the State. The well-established temporary-injunction standard applied by the district court requires the party seeking the injunction to establish: "(1) a cause of action against the defendant; (2) a probable

right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). We have not previously articulated the standard a court of appeals asked to reinstate a temporary injunction using Rule 29.3 should apply. The Court's decision today does not comment on that question.

In my view, it would make little sense to require the Rule 29.3 movant under these circumstances to establish any more or any less than what was initially required to obtain the injunction in the district court. Thus, in determining whether to issue its own order effectively reinstating a superseded temporary injunction, the court of appeals should have considered *de novo* the same factors considered by the district court. Consequently, the question for this Court, on mandamus, is whether the court of appeals abused its discretion by concluding that the plaintiffs had made a sufficient showing under the traditional temporary-injunction factors.

To begin, I agree with the Court that the State is not entitled to mandamus relief as to part (1) of the court of appeals' order, which prohibits the defendants from "taking any actions against Plaintiffs based on the Governor's directive and DFPS rule, both issued February 22, 2022, as well as Attorney General Paxton's Opinion No. KP-0401 . . . ." As the Court holds, neither the Governor's letter nor the Attorney General Opinion changed the legal landscape in a way that altered DFPS's discretion to make investigatory decisions regarding alleged child abuse. Nor do DFPS's subsequent media statements or internal directions to its staff in reliance on the Governor's letter and

2

the Attorney General Opinion bind DFPS in the future exercise of its investigatory discretion or formally alter the legal obligations of parents, doctors, or anyone else. I understand part (1) of the order to simply reinforce the reality that there has been no change in law that, of its own force, authorizes any action by DFPS against the plaintiffs.

The question remains, however, whether part (2) of the order can stand as applied to the plaintiffs. Part (2) prohibits DFPS from even investigating the possibility of harm to the plaintiffs' child. Although none of the defendants' challenged statements provide an independent legal basis for such an investigation, the real crux of the matter is whether, under pre-existing law, DFPS had the background authority, grounded in the Family Code, to investigate whether gender-dysphoria treatment may constitute child abuse in particular cases and to go to court to seek orders on that basis. We should not resolve that question at this time. But, at this stage, we should ask whether the plaintiffs have established a probable right to relief on their claim that DFPS cannot even so much as look into the plaintiffs' medical decisions in this regard without first undertaking notice-and-comment rulemaking.

The plaintiffs have not made the required showing. They cite no case in which an injunction has been obtained prohibiting the executive branch from exercising its well-established prerogative to investigate whether the law has been broken. As the Court rightly observes, if DFPS concludes on the basis of an investigation that further action is warranted, that action cannot take place without court authorization. Until then, the courts' normal role in this process is not to tell DFPS what it can and cannot investigate. Instead, the courts' role is to decide

3

whether DFPS may take action based on its investigation. The court of appeals' order, however, would prohibit DFPS from even beginning an investigation to determine whether cause for concern meriting the pursuit of court orders might exist. In other words, the injunction amounts to *one court* ordering DFPS not even to *look into* whether it should seek orders from *another court*. We are pointed to no precedent for this kind of preemptive short-circuiting of the normal relationship between the investigatory power of the executive branch and the judicial power of the courts.[1]

The plaintiffs, their experts, and their supporting amici are firmly convinced that the disputed treatments are fully reversible and completely justified. The Attorney General and the Governor vehemently disagree. All involved are entitled to their opinions, but the Legislature has assigned to DFPS—not to the Governor or to the plaintiffs' experts and amici—the authority to investigate such matters on behalf of the State. In my view, an injunction preemptively prohibiting the executive branch from even investigating the possibility that injury to a child may result from the disputed treatments is likely beyond the proper scope of the judicial power. The court of appeals'

---

[1] Like the Court, I would not foreclose the possibility that such an "injunction against investigation" could ever be available. If, for instance, DFPS opened an investigation into a parent's religious instruction of his children, the mere investigation could chill the exercise of rights enumerated in the U.S. and Texas Constitutions. *See* TEX. CONST. art. I, § 6 ("No human authority ought, *in any case whatever*, to control or *interfere* with the rights of conscience in matters of religion.") (emphasis added).

4

injunction prohibiting any investigation of these matters by DFPS was an abuse of discretion, including as to the plaintiffs.[2]

For these reasons, I respectfully dissent from Part III of the Court's decision.

_____
James D. Blacklock
Justice

**OPINION DELIVERED:** May 13, 2022

---

[2] The State makes no argument that parts (3) or (4) of the order are invalid as applied to the plaintiffs, so I agree with the Court's decision to deny relief on those portions of the order as to the plaintiffs.